UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CRISS T. MURPHY                              CIVIL ACTION

VERSUS                                       NO. 09-2862

EL GRAN CHAPPARRAL AUTO                      SECTION "C" (5)
TRANSPORTES, L.L.C., ET AL

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal. Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's petition seeks damages for personal injuries allegedly sustained in an accident on September 7, 2008. This matter was removed on the basis of diversity.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court with jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). In order to

remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

      The defendants have not met theirs burden to show that the jurisdictional amount is facially apparent for present purposes, nor have they made a showing sufficiently particularized to meet their burden.  The plaintiff agrees that the jurisdictional amount is present.  However, no medical records, diagnoses or recommendations for surgery are provided in response to the Court's order that affirmative proof of damages be provided. (Rec. Doc. 6).  The plaintiff has answered in response to interrogatories that special damages total less than $5,000 in medical expenses and less than $25,000 in lost wages; again, no proof is provided.  Neither defendant nor the plaintiff provide any basis upon which the Court can ascertain the propriety of its jurisdiction.  Instead, the memoranda would support only a finding of jurisdiction based on consent.  That is not permitted

under the law.

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 13th day of July, 2009.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE